LYDIA G. BRADLEY, APPELLEE, v. CLARENCE J. BRADLEY, APPELLANT.

FILED FEBRUARY 8, 1934. No. 28748.

*Patrick & Smith,* for appellant.

*Sam E. Klaver, Gray & Brumbaugh* and *Webb, Kelley & Lewis, contra.*

Heard before Goss, C. J., Rose and Paine, JJ., and Chase and Eldred, District Judges.

Rose, J.

Lydia G. Bradley, plaintiff, and Clarence J. Bradley, defendant, were married December 24, 1914. They have two sons, Robert W. and Carl M. In the district court for Douglas county plaintiff sued defendant for a divorce. On a cross-petition defendant, the husband, procured a divorce October 26, 1931, and custody of the two sons was committed to him. By the decree the mother was permitted to visit her sons at proper times and places. In the same case plaintiff filed a supplemental petition September 14, 1932, in which she pleaded that defendant violated the decree by preventing her from visiting her sons, Robert then being 17 and Carl 13; that both defendant and Robert beat and otherwise mistreated Carl; that defendant's home was not a fit place for Carl who left his father and went to the home of his mother; that conditions have changed since Carl was committed to the custody of defendant; that the mother is a fit person to have the care and custody of her son Carl; that she has a suitable place for him with proper surroundings; that his best interests and welfare require a change of custody, for which she prays with an allowance for his support.

Defendant denied the alleged facts on which plaintiff sought the custody of her son Carl and an allowance for his support.

After a long trial the district court found generally the issues in favor of plaintiff; that the facts stated in the supplemental petition of plaintiff were established by the evidence; that the best interests of the minor son Carl required a change of custody from his father to his mother; that the change in conditions between the date of the first decree and the filing of the supplemental petition warranted such a change in custody; that defendant

54

is able to pay $4.50 a week for the support of his son Carl. From a judgment modifying the original decree to conform to the findings under changed conditions and requiring defendant to contribute $4.50 a week for the support of Carl until the further order of the court, defendant appealed.

The best interest of the child is the determining question on appeal, as it was on the trial below. The judge who granted the divorce and awarded the custody of the two minors to their father was the same judge who modified the original decree. When the modifying judgment was entered, Carl was 14 years of age—old enough to nominate his own guardian. Comp. St. 1929, sec. 38-104. He was discontented in the home of his father and brother, who cruelly beat and otherwise mistreated him. He refused to live with them and went to his mother who was kind to him and shared with him her meager earnings by honest labor.

A discussion of the evidence would not benefit either parent or either child nor add anything to the law relating to infants and parent and child.

Upon a trial *de novo,* the opinion is unanimous that the trial court made correct findings and they are adopted on appeal as the proper deductions from the evidence.

AFFIRMED.